BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00007-MCE-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $104,340.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 22, 2013, Redding Police Department seized approximately $104,340.00 in U.S. Currency (the "defendant currency") from Brian Keith Hall ("Hall") during a traffic stop on Hilltop Drive in Redding, California.  The Drug Enforcement Administration (hereafter "DEA") adopted the defendant currency for federal forfeiture on August 28, 2013.

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about October 21, 2013, the DEA received a claim from Hall asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on July 22, 2013, an officer with the Redding Police Department was on patrol travelling

southbound on Hilltop Drive when he made a traffic stop on a car driven by Hall. The United States represents the officer approached the car and noticed the smell of marijuana coming from the car. Marcus Brown ("Brown") and Tarrence Fisher ("Fisher") were passengers in the vehicle.

4. The United States represents Hall gave the officer permission to search the car after he was pulled over. All three provided either a Texas ID card or Texas driver's license. The officer returned to his patrol motorcycle to conduct a records check on the three individuals and to request back up for the car search.

5. The United States represents that it could show at a forfeiture trial that once additional officers were on scene, the first officer removed Hall from the car and asked him if he had anything illegal on his person. Hall replied in the negative. That same officer then asked Hall if he could conduct a pat search to confirm this and Hall consented. The officer conducted the pat search, confirming that Hall did not have any weapons or contraband. He then interviewed Hall. The United States represents Hall said he, Brown, and Fisher had just arrived in town and were headed to IHOP for breakfast and to meet his friend Carol Simpson ("Simpson"), who is his friend's mother, to look at apartments with her. The United States represents Hall told the officer he had driven from Sacramento with Brown and Fisher. The United States represents Hall said the three had driven to Sacramento and picked up his girlfriend's car, which was the car he was currently driving.

6. The United States represents that it could show at a forfeiture trial that the first officer interviewed Brown and Fisher separately. The United States represents both said they had driven to Redding from Fort Worth, Texas, and stopped in Sacramento the previous day. The three were asked if they were aware of anything illegal inside the car. They all replied no, and the first officer conducted a search of the car.

7. The United States represents that it could show at a forfeiture trial that during his search, the officer found a black plastic bag in the center console between the

two front seats. The United States represents inside the bag was a paper bag, containing a stack of cash approximately 3" thick. The United States represents the cash was mostly $20 bills. The United States represents the cash found in the center console totaled $6,000.00. No other contraband was located inside the car. The United States represents during the search Hall informed one of the officers that he had a large amount of cash inside his bag, which was located in the trunk of the car. A black Eddie Bauer backpack was removed from the trunk. Hall told officers the backpack belonged to him. The United States represents the first officer opened a side compartment of the backpack, which was full of loose cash. The United States represents the main compartment of the backpack was opened and, it was also filled with loose cash. The cash found in the backpack totaled $98,340.00. Agents from the Shasta Interagency Narcotics Task Force ("SINTF") were called to the scene.

8. The United States represents that it could show at a forfeiture trial that when agents from SINTF arrived, one of the agents conducted a search of the car, noting a large empty black duffel bag that he believed had been used or was going to be used to transport narcotics. The United States represents the agent also noted that the cash was mostly $20 bills. The United States represents Hall told the agent he was in Redding to look at apartments with one of his girlfriends' mothers. The agent asked Hall what part of Redding he was thinking of moving to and why he was moving to Redding. Hall was unable to answer the questions.

9. The United States represents that it could show at a forfeiture trial that when the SINTF agent asked Hall where he obtained the cash, Hall said he had been saving money from his paychecks as a substitute teacher in Texas. Hall also indicated that he is friends with several professional basketball players that have given him money from time to time. Hall estimated the amount of cash to be approximately $70,000.00. Hall said all the cash in the car belonged to him, and Brown and Fisher did not know there was cash in the car.

10. The United States represents that it could show at a forfeiture trial that the

1 SINTF agent interviewed Fisher and Brown separately.  Both said they did not own any
2 of the defendant currency and did not know it was in the car.  Both claimed they knew
3 Hall from Texas and had met up with him in Sacramento.  Brown signed a disclaimer
4 form disclaiming any knowledge or ownership of the cash.

5 11.    The United States could further show at a forfeiture trial that the
6 defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7 12.    Without admitting the truth of the factual assertions contained above, Hall,
8 Brown, Fisher, Jaimee Moore, Josh Gonner, and Dainmon Gonner in *propria persona*
9 (collectively, "claimants") specifically denying the same, and for the purpose of reaching
10 an amicable resolution and compromise of this matter, claimants agree that an adequate
11 factual basis exists to support forfeiture of the defendant currency.  Hall hereby
12 acknowledges that he is the sole owner of the defendant currency, and that no other
13 person or entity has any legitimate claim of interest therein.  Should any person or
14 entity institute any kind of claim or action against the government with regard to its
15 forfeiture of the defendant currency, claimants shall hold harmless and indemnify the
16 United States, as set forth below.

17 13.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
18 and 1355, as this is the judicial district in which acts or omissions giving rise to the
19 forfeiture occurred.

20 14.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
21 district in which the defendant currency was seized.

22 15.    The parties herein desire to settle this matter pursuant to the terms of a
23 duly executed Stipulation for Consent Judgment of Forfeiture.

24 Based upon the above findings, and the files and records of the Court, it is hereby
25 ORDERED AND ADJUDGED:

26 16.    The Court adopts the Stipulation for Consent Judgment of Forfeiture
27 entered into by and between the parties.

28 17.    Upon entry of this Consent Judgment of Forfeiture, $73,100.00 of the

1  Approximately $104,340.00 in U.S. Currency, together with any interest that may have
2  accrued on the total amount seized, shall be forfeited to the United States pursuant to 21
3  U.S.C. § 881(a)(6), to be disposed of according to law.

4    18.   Upon entry of this Consent Judgment of Forfeiture, but no later than 60
5  days thereafter, $31,240.00 of the Approximately $104,340.00 in U.S. Currency shall be
6  returned to claimant Brian Keith Hall through his attorney Angie H. Palmerin.

7    19.   The United States of America and its servants, agents, and employees and
8  all other public entities, their servants, agents and employees, are released from any and
9  all liability arising out of or in any way connected with the seizure or forfeiture of the
10 defendant currency.  This is a full and final release applying to all unknown and
11 unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well
12 as to those now known or disclosed.  Claimants waived the provisions of California Civil
13 Code § 1542.

14    20.   No portion of the stipulated settlement, including statements or admissions
15 made therein, shall be admissible in any criminal action pursuant to Rules 408 and
16 410(a)(4) of the Federal Rules of Evidence.

17    21.   All parties will bear their own costs and attorney's fees.

18    22.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed
19 herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465,
20 that there was reasonable cause for the seizure of the above-described defendant
21 currency.

22    IT IS SO ORDERED

23 Dated:  September 3, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

5

Consent Judgment of Forfeiture